NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSA PADILLA SALMERON; FLOR
CAMPOS,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5614

Agency Nos.
A245-070-840
A245-070-828

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 16, 2025**
San Francisco, California

Before: M. SMITH and BUMATAY, Circuit Judges, and BARKER, District
Judge.***

Petitioners Rosa Padilla Salmeron and her minor child F.S.C.P., citizens of

Mexico, petition for review of a decision by the Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable J. Campbell Barker, United States District Judge for the
Eastern District of Texas, sitting by designation.

(BIA) affirming a decision by an Immigration Judge (IJ) denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

When, as here, the BIA conducts its own analysis and adopts the IJ's reasoning, we review both the BIA's and IJ's decisions. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We review legal conclusions de novo and factual determinations for substantial evidence. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Failure to exhaust all administrative remedies, however, precludes our review. *See* 8 U.S.C. § 1252(d)(1). "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (citations omitted). "What matters is that the BIA . . . 'had an opportunity to pass on this issue.'" *Id.* (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam)).

As an initial matter, we do not address petitioners' claims regarding minor child F.S.C.P. because petitioners did not appeal to the BIA the IJ's conclusions as to the child. Any claim to appellate relief as to F.S.C.P.'s claims for asylum,

withholding of removal, and CAT protection are waived. *See De Souza Silva v. Bondi*, 139 F.4th 1137, 1139 n.1 (9th Cir. 2025).

Turning to petitioner Padilla Salmeron's case, we deny the petition as to her claims for asylum and withholding of removal because petitioner proposes unexhausted particular social groups (PSGs) and waived arguments regarding the exhausted PSG. To be eligible for asylum or withholding of removal, an applicant must establish that she "was harmed, or threatened with harm, on account of a protected ground" such as membership in a PSG. *Plancarte Sauceda*, 23 F.4th at 833; 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A). Petitioner failed to exhaust her proffered PSGs of "Mexican women" and "Mexican indigenous women." Although the IJ addressed both PSGs, petitioner did not offer those PSGs to the BIA, and the BIA did not address them.[1] On appeal to the BIA, petitioner instead defined her PSG as "attractive Mexican women presumed to be single." Petitioner also distinguished this PSG from the broader PSGs that the IJ considered, explaining that her circumstances would have been different had she been "a grandma" or an unattractive woman. Finding that the IJ implicitly addressed petitioner's newly offered PSG, the BIA only addressed the PSG of "attractive Mexican women presumed to be single."

---

[1] Although the IJ's analysis of petitioner's claims discussed other protected grounds, petitioner does not raise those grounds before this court. We therefore do not address them.

Now, however, petitioner reverses course and argues that the BIA erred in doing so. She argues that her correct PSGs are "Mexican women" and "Mexican indigenous women"—both of which are unexhausted. This is not a case where the argument to the BIA was more general than the argument made on appeal to this court. A petitioner may raise a "general argument" before the BIA and then a "more specific legal issue on appeal," even if that issue was not raised in the same precise form before the BIA. *Bare*, 975 F.3d at 960. But as noted above, petitioner sought to distinguish the PSGs of "Mexican women" and "Mexican indigenous women" as broader than the PSG she offered to the BIA. Petitioner cannot now make general arguments about "Mexican women" and "Mexican indigenous women" when she made narrower arguments about "attractive Mexican women presumed to be single" before the BIA. We therefore decline to reach petitioner's argument that the BIA erred in its analysis of petitioner's asylum claim, as that argument rests on unexhausted PSGs. We also decline to reach petitioner's challenge to the BIA's withholding-of-removal analysis insofar as petitioner argues that the BIA's analysis focused on the wrong PSG.

Petitioner also contends that "[t]he BIA applied the incorrect legal standard" to her withholding-of-removal claim. That argument is without merit. Withholding of removal is available only if the applicant establishes a "clear probability of persecution" such that it is "'more likely than not' that the alien will be persecuted

if deported." *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) (quoting *Acewicz v. INS*, 984 F.2d 1056, 1062 (9th Cir. 1993)). The applicant must also show that membership in a PSG is "a reason" for the persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017). In its withholding of removal analysis, the BIA did not err; it applied the "clear probability" standard and determined that petitioner did not meet the "a reason" nexus standard.

We also deny the petition for review as to CAT relief because petitioner failed to establish that it is more likely than not that she would suffer future torture in Mexico. An applicant for CAT protection must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). This requires a "particularized threat" of torture. *Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021) (quoting *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008)). General evidence of country conditions that are not particular to the applicant is insufficient. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Past torture is "the first factor" when determining whether an applicant faces future torture. *Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005). We also consider, however, evidence including an applicant's ability to relocate; "gross, flagrant or mass violations of human rights" in the country of removal; and other relevant information about conditions in the country of removal. *Id.* at 1218–19 (quoting 8 C.F.R. § 1208.16(c)(3)).

The record does not show that petitioner suffered past torture, which is the intentional infliction of "severe pain or suffering, whether physical or mental," for purposes such as intimidation or coercion. 8 C.F.R. § 1208.18(a)(1). Torture "is more severe than persecution." *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (quoting *Nuru*, 404 F.3d at 1224). Addressing petitioner's asylum and withholding-of-removal claims, the BIA found that the record evidence does not support a finding of past persecution. Petitioner's past experiences thus "necessarily falls short of the definition of torture." *Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021).

Petitioner's past experiences also do not support a finding that she will likely be tortured in the future. On three separate occasions in Quinceo, a town in the Mexican state of Michoacán, petitioner encountered three men who told her to come with them because she was "a beautiful woman." During two of those encounters, the men threatened to kidnap petitioner if she refused. Although petitioner experienced fear and anxiety because of those encounters, the record does not show that the men attempted to follow through on their threats. Nor does the record show a particularized connection between her and the men beyond the men's prurient interest in her appearance. Such evidence is insufficient for a finding of past torture. *See Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir. 2007) (finding that four arrests and beatings did not constitute torture or establish that petitioner would likely be tortured in the future); *see also Gonzalez Amezcua v. Garland*, No. 23-489, 2024

WL 639366, at *1–2 (9th Cir. Feb. 15, 2024) (unpublished) (holding that unfulfilled threats of "consequences" for a relative's investigation of a murder did not provide substantial evidence of likely future torture).

Petitioner's remaining arguments are unavailing. She presents evidence of general country conditions,[2] but generalized evidence "not particular to Petitioner[] . . . is insufficient to meet [the] standard" for CAT relief. *Delgado-Ortiz*, 600 F.3d at 1152. "[A] general ineffectiveness on the government's part to investigate and prevent crime will not" suffice either. *Hernandez v. Garland*, 52 F.4th 757, 770 (9th Cir. 2022) (quoting *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016)). Although petitioner testified as to her subjective belief that she will be unsafe and cannot trust the police anywhere in Mexico, the record did not require the IJ to credit that belief. No evidence suggests that the police did not take seriously the report she filed before leaving Mexico, that they were unable or unwilling to help her, or that they would inform the three men of her report. Nor does the record evidence support petitioner's speculation that the men could find her in other towns or that the men had connections to police in larger cities.

---

[2]     Petitioner also argues that she "faced gendered violence in her community," that the State Department issued a travel warning for Michoacán, that "soldiers have been implicated in human rights abuses," and that there is "rampant cartel control over Michoacán's political and security structures." These arguments do not cite the record, nor is there any support in the record for them. They will not be considered. *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996); *Huang v. Garland*, 851 Fed. App'x 800, 801 (9th Cir. 2021) (unpublished).

The petition for review is **DENIED**. The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise **DENIED**.